**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**STACEY SANGER, ANTHONY**
**LUCHI, and JESSIE BOSS,**

        **Plaintiffs,**                  **CASE NO.:**

**vs.**                              **Jury Demanded**

**KUREHA ENERGY SOLUTIONS,**
**LLC,**

        **Defendant.**
_____/

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Plaintiffs, STACEY SANGER, ANTHONY LUCHI, and JESSIE BOSS, sue the Defendant, KUREHA ENERGY SOLUTIONS, LLC, and allege:

1. During their employment, Plaintiffs worked as a "District Coordinator," in which they were required to work log overtime hours without overtime pay.

2. Defendant has misclassified Plaintiffs as exempt from overtime pay during the period of time each worked as a District Coordinator.

3. Plaintiffs bring this action for all unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

<u>**GENERAL ALLEGATIONS**</u>

4. Plaintiff Sanger started working for Defendant in 2023. Since August 2024,

Plaintiff Sanger has worked as a District Coordinator for Defendant.

5.      Plaintiff Luchi worked for Defendants from 2021 until April 2026.  From 2023 until his termination in April 2026, Plaintiff Luchi worked as a District Coordinator.

6.      Plaintiff Boss started working for Defendant in July 2022. Since April 2024, Plaintiff Boss has worked as a District Coordinator for Defendant.

7.      Plaintiff Sanger is a resident of Wyoming; Plaintiff Luchi is a resident of Texas; and Plaintiff Boss is a resident of North Dakota.

8.      Defendant is a limited liability corporation that is headquartered in Houston, Texas, and registered to do business in Texas.

9.      Defendant's principal place of business is in Houston, Texas.

10.     Defendant transacted and continues to transact business within Texas and this judicial district by formerly and currently employing Plaintiffs within Texas, operating facilities within Houston, Texas.

11.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

12.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13.     During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

14.     During Plaintiffs' employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in

2

interstate commerce, including fuel gas, cylinders, valves, equipment, and other items.

15. At all times Defendant was Plaintiffs "employer" under the FLSA.

## FLSA VIOLATIONS

16. At all times relevant to this action, Defendant has failed to comply with the FLSA by failing to pay Plaintiffs for all overtime hours worked in the District Coordinator position.

17. As District Coordinators, Plaintiffs were classified as exempt and not paid overtime compensation.

18. To perform their job duties, Plaintiffs routinely worked more than 40 hours in a week.

19. Despite being classified as exempt, Plaintiffs' job duties did not meet any appliable exemptions under the FLSA.

20. Plaintiffs' job duties were those of non-exempt employees and Plaintiffs should have been paid overtime compensation.

21. In early 2026, Defendant renamed the position "District Supervisor" ostensibly to strengthen their claimed FLSA exemption.

22. However, Plaintiffs are not exempt managers under the FLSA as they do not perform all the primary job duties required of executively exempt employees. *See* 29 C.F.R. § 541.100.

23. Nor do job titles make an employee exempt under the FLSA. *See* 29 C.F.R. § 541.2.

24. As a result of misclassifying Plaintiffs as exempt during the time period they worked as District Coordinators, Defendant has violated the FLSA.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

## COUNT I – RECOVERY OF OVERTIME WAGES

21. Plaintiffs reincorporate and readopt all allegations contained in paragraphs one (1) through twenty (20) above.

22. Plaintiffs were entitled to be paid complete overtime compensation for overtime hours worked at all times.

23. During their employment with Defendant, Plaintiffs were misclassified as exempt in the District Coordinator / District Supervisor position and were not paid overtime compensation for overtime hours worked.

24. As explained above, Plaintiffs' job duties do not meet those of an exempt employee, and Defendant did not have a good faith basis for classifying Plaintiffs as exempt in the District Coordinator / District Supervisor position.

26. Because of Defendant's intentional, willful, and unlawful acts in misclassifying Plaintiffs as exempt in this position, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

27. Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

28.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, STACEY SANGER, ANTHONY LUCHI, and JESSIE BOSS, demand judgment against Defendant for all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 5th day of May, 2026.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com